UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CONCORDIA PARTNERS, LLC,      )
                              )
            Plaintiff,        )
                              )
v.                            )   Docket no. 2:14-cv-09-GZS
                              )
MARCELLE PICK, et al.,        )
                              )
            Defendants.       )

**ORDER ON MOTION TO REMAND**

Before the Court is Plaintiff's Motion for Remand (ECF No. 5). Before the Court could issue a ruling on this Motion, this case was the subject of an interlocutory appeal on the preliminary injunction entered by the state court prior to removal. (See Notice of Interlocutory Appeal (ECF No. 32).) As a result, the Court concluded it would reserve ruling until that appeal was concluded. (See Endorsement Orders (ECF Nos. 34 & 43).) On August 6, 2014, the First Circuit issued an order (ECF No. 44), which directed this Court to decide the pending motion for remand. As a result, this Court held oral argument on the Motion for Remand on August 13, 2014. Having considered the parties' written and oral submissions, the Court now DENIES the Motion for Remand.

**I.    LEGAL STANDARD**

A defendant who removes a case to federal court bears the burden of showing a basis for federal jurisdiction. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). "The removal statute does not in itself create jurisdiction. Indeed, removal statutes are strictly construed." Id. Under the well-pleaded complaint rule, "[j]urisdiction is normally ascertained

from the face of the state court complaint that triggered the removal." Id. Nonetheless, exceptions to this rule exist. As it relates to the pending case, "where the complaint articulates a claim exclusively in terms of state law, there are only two narrow exceptions to the well-pleaded complaint rule." Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 93-94 (1st Cir. 2007).

> Such a claim might be considered to "arise under" federal law for jurisdictional purposes if: (i) an adjudication of the state-law claim necessarily will involve the determination of a "substantial federal question," or (ii) a federal statute (*e.g.,* the Copyright Act) can be said to exert such a pervasive and overpowering preemptive force that all state-law claims of the type pleaded are completely preempted.

Id. (internal citations and quotations omitted).[1] In addition to these narrow judicially crafted exceptions, Congress has recently crafted a statutory exception to the well pleaded complaint rule. 28 U.S.C. § 1454, which was enacted in 2011, allows for removal of "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." Id. Thus, the assertion of a copyright claim by either plaintiff or defendant may serve as the basis for removal.

The procedure for removal in this case is governed by 28 U.S.C. § 1446(b), which reads in relevant part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[1] The more recent iteration of the "substantial federal question" doctrine indicates that this case would not qualify under that prong, as explained in note 6 of Concordia's Reply. (See Reply at 4 n. 6. (citing Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc., 726 F.3d 8, 13-14 (1st Cir. 2013)).

28 U.S.C. § 1446(b). With respect to removals under § 1454, Congress has explicitly indicated that these time limits "may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(2).

## II. DISCUSSION

Given the just-described standards for removal, the remand papers in this case raise three questions that must be resolved in order to determine whether this case must be remanded. The Court considers each in turn.

### A. Was the Removal Timely?

This case was removed on January 9, 2014 (ECF No. 1). Pick maintains that removal on this date was within the requisite 30-day period because the triggering event under 28 U.S.C. § 1446(b) occurred on December 10, 2013. On that date, the state court granted Concordia's motion to amend its complaint, which resulted in the Second Amended Complaint becoming the operative pleading. In contrast, Concordia asserts that the 30-day clock for removal began to run on the day Concordia filed its motion to amend the complaint. There is no dispute that on or about November 12, 2013 Concordia filed the motion to amend seeking to add a claim for "Breach of Contract (copying of Concordia's owned materials)." (See Second Am. Compl. (ECF No. 1-2) at 19 (Count III).)

Both sides acknowledge that the First Circuit has not had an opportunity to decide whether the time to remove based on an amended pleading runs from the date the defendant receives a copy of the motion to amend with the proposed amended complaint attached or whether the time to remove runs from the time the motion to amend is actually granted. (See Pl. Motion to Remand (ECF No. 5) at 6; Defs. Response (ECF No. 24) at 4.)

Having considered the parties' respective arguments, the Court concludes the First Circuit would most likely adopt the majority view: that is, the time for removing a case that becomes removable as a result of an amended pleading would run thirty days from the date that the state court allows the amendment of the pleading in question. See, e.g., Freeman v. Blue Ridge Paper Products, Inc., 551 F.3d 405, 410 (6th Cir. 2008) (explaining that "removal automatically places the case into federal court. § 1446(d). Therefore, removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed."); Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge."); see also McDonough v. UGL UNICCO, 766 F. Supp. 2d 544, 546 & n. 19 (E.D. Pa. 2011) (collecting "majority view" cases and finding "the better rule . . . is that an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective"). As a result, Pick's removal is deemed timely.

**B. Does the Second Amended Complaint State a Claim that Arises Under Federal Law?**

In support of her removal of Concordia's Second Amended Complaint, Pick asserts that Concordia's Breach of Contract claim, added as Count III of the Second Amended Complaint, should be deemed a claim that arises under the Copyright Act. The Copyright Act is recognized

as a statute that may completely preempt a state law claim. See 28 U.S.C. § 1338(a). However, "[d]etermining precisely which actions 'arise under' copyright law, and therefore fall within exclusive federal jurisdiction, 'poses among the knottiest procedural problems in copyright jurisprudence.'" Gener-Villar v. Adcom Grp., Inc., 417 F.3d 201, 203 (1st Cir. 2005) (citing 3–12 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.01[A] (2001).

In Royal v. Leading Edge Prods., Inc., 833 F.2d 1 (1st Cir. 1987), the First Circuit explained "[i]t is settled beyond peradventure that an action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright." Id. at 2. "The question of whether the suit 'arises under' the copyright law is considerably more sophisticated." Id. The First Circuit has cited approvingly the test for "arising under the Copyright Act" set forth in T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964). Under T.B. Harms, as explained by the First Circuit,

> [t]he Copyright Act does not draw into federal court all matters that pertain to copyright; a simple dispute over who owns a copyright is usually governed by state law and would not, absent diversity jurisdiction, even be heard in federal court if it were the only issue in the case.

Venegas-Hernandez v. Asociacion De Compositores, Editores De Musica Latinoamericana (ACEMLA), 424 F.3d 50, 58 (1st Cir. 2005) (citing T.B. Harms Co. v. Eliscu, 339 F.2d 823, 826–27 (2d Cir. 1964), *cert. denied*, 381 U.S. 915 (1965).) Nonetheless, T.B. Harms instructs, in relevant part, that actions arise under the Copyright Act if the action seeks a remedy expressly granted by the Copyright Act. See Royal, 833 F.2d at 2-3 (quoting T.B. Harms, 339 F.2d 823, 828 (2d Cir. 1964), *cert. denied*, 381 U.S. 915 (1965).) As argued in opposition to the Motion for Remand, Concordia does seek remedies that go beyond what a party might receive for breach of contract and are expressly granted by the Copyright Act, although the Second Amended Complaint avoids mentioning the Copyright Act expressly. These remedies include: being permanently

enjoined from "unlawful conduct" and restricted in terms of their ability to maintain the website at issue (Second Am. Compl., Prayer for Relief ¶L); actual damages and disgorgement of profits "from the unlawful conduct" (Second Am. Compl., Prayer for Relief ¶¶G-I); as well as attorney's fees (Complaint, Prayer for Relief ¶N).

More telling evidence of the overlap between Concordia's stated breach of contract claim and the Copyright Act lies in the timing of the amendment. In connection with pleading the breach of contract claim in its Second Amended Complaint in this removed state case, Concordia filed a claim for copyright infringement in this court. See Concordia Partners v. Pick et al., D. Me Docket No. 2:13-cv-415-GZS (filed on November 8, 2013). The factual nucleus of that case and this removed case are the same. Concordia filed motions for preliminary injunction in both its federal copyright case and the state case seeking to enjoin the same actions. In short, implicit in Concordia's filing of an explicit copyright claim in 2:13-cv-415-GZS is a recognition that they are seeking remedies above and beyond those available for breach of contract. Additionally, the timing and content of Concordia's complaints make it clear that they believe Pick's actions following the expiration of the License Agreement at the end of October 2013 amounted to a violation of the Copyright Act.

It may be that Pick's actions (and Concordia's actions) upon the expiration of the parties' License Agreement allow each side to state plausible claims under the Copyright Act and for breach of contract. However, the Court fails to see how it might be in the interests of this Court, the state court or the parties for those claims to be separately and simultaneously tried in two different jurisdictions. In short, the Court concludes that under the unique procedural history presented on the current record, it is apparent that Concordia's claims as stated in the Second Amended Complaint include claims that arise under the Copyright Act. Thus, the case was

properly removed as a case involving at least one claim arising under this Court's exclusive jurisdiction. See 28 U.S.C. § 1338. The Court, as a result, may assert supplemental jurisdiction over the additional state law claims pled in the Second Amended Complaint. See 28 U.S.C. § 1367.

**C. Alternatively, may this Case be Removed under 28 U.S.C. § 1454 because Defendant elected to plead a Copyright Counterclaim After Removing?**

As Concordia points out in its Reply, Pick did not cite 28 U.S.C. § 1454 in her January 9, 2014 notice of removal. In fact, Pick first filed her amended answer with a copyright infringement counterclaim (ECF No. 10) on January 17, 2014, which was three days after Concordia filed the pending Motion for Remand. Concordia argues this order of events prevents Pick from relying on § 1454 to defeat the motion to remand even if it would support removal of her now-pled counterclaims.

To the extent that Concordia's argument suggests that the Court must rely on the pleadings as they exist at the time of removal, the Court acknowledges that this argument is a logical extension of the rule applied above to resolve the timeliness argument. However, in this District, there is precedent for the Court "elect[ing] to look beyond the face of the original notice to the accompanying complaint to establish removal jurisdiction." Heller v. Allied Textile Companies, Ltd., 276 F. Supp. 2d 175, 181 (D. Me. 2003) (looking beyond removal notice which only cited the bankruptcy removal statute when removing party sought to amend notice to cite diversity as the basis for removal). In Heller, the Court relied on Kingman v. Sears, Roebuck & Co., 526 F. Supp. 1182 (D. Me. 1981), in which the court granted leave to amend a notice of removal *nunc pro tunc*, noting that it is "[b]etter, if the jurisdiction in fact exists, to permit the petition to be amended to reflect it" and that prohibiting amendment on this basis "would tend to unduly exalt

form over substance." 526 F. Supp. at 1185 n. 12, 1186 (internal citations omitted). See Heller, 276 F. Supp. 2d at 181. In the Court's view, a logical extension of these District of Maine precedents and the plain language of 28 U.S.C. § 1454 would allow this Court to look at the counterclaims as filed to assess whether the counterclaims qualify for removal under § 1454. As Defendants have pointed out, the "hypertechnical" alternative would be to remand the case so that Defendants could officially file their copyright counterclaim before the state court and then remove the case once again based on her newly asserted counterclaims. In an already procedurally convoluted case, requiring this case to be remanded and re-removed would be inefficient and a waste of judicial resources.[2]

Therefore, the Court alternatively finds that this case is removable under 28 U.S.C. § 1454.

### III. CONCLUSION

For the reasons just briefly explained, the Motion to Remand is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 14th day of August, 2014.

---

[2] The Court notes that at the August 13, 2014 oral argument, both counsel agreed that if this case and D. Me. Docket No. 2:13-cv-415-GZS were to remain in federal court, it would make sense to consolidate these cases thereby avoiding any further unnecessary cost and delay.