## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CONCORDIA PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:14-cv-009-GZS |
| | ) |
| MARCELLE PICK, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR CONTEMPT

Before the Court is Plaintiff Concordia Partner's Motion for Contempt (ECF No. 58), which asserts Defendants Marcelle Pick and Pick Enterprises should be held in contempt for failure to comply with Preliminary Injunction dated December 16, 2013 (ECF No. 17-31) ("12/16/13 Order") and the December 27, 2013 Order (ECF No. 18-13) ("12/27/13 Order").[1]  Pursuant to the Court's prior orders, the parties were allowed to file supplemental materials in connection with this Motion, which were filed on December 12, 2014 (ECF No. 103) and December 22, 2014 (ECF No. 110).  Having considered all of the filings made in connection with the Motion for Contempt, the Court now DENIES the Motion for reasons briefly stated herein.

## I.    STANDARD OF REVIEW

In order to grant a motion for contempt, the Court must find that the movant has presented clear and convincing evidence of the following: "(1) the alleged contemnor had notice of the order,

---

[1] The Court notes that both the 12/16/13 Order and 12/27/13 Order were entered by the Maine Superior Court prior to removal and both orders are currently the subject of an interlocutory appeal to the First Circuit.  Hereinafter, the Court refers to the 12/16/13 Order and 12/27/13 Order together as the "Preliminary Injunction."

(2) 'the order was clear and unambiguous,' (3) the alleged contemnor 'had the ability to comply with the order,' and (4) the alleged contemnor violated the order." Hawkins v. Dep't of Health & Human Servs., 665 F.3d 25, 31 (1st Cir. 2012) (*quoting* United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005)). In determining whether a "clear and unambiguous" order was violated, the First Circuit has indicated that a "'four corners rule' cabin[s] the circumstances in which contempt may be found" by requiring that the alleged contemnor be "able to ascertain from the four corners of the order precisely what acts are forbidden." Saccoccia, 433 F.3d at 28 (internal citations omitted). Any ambiguity within the four corners is read to the benefit of the person alleged to be in contempt. See NBA Properties, Inc. v. Gold, 895 F.2d 30, 32 (1st Cir. 1990).

## II. DISCUSSION

The Preliminary Injunction at issue was entered by the Maine Superior Court. The "four corners" of the Preliminary Injunction require Defendants "to remove from the womentowomen.com website and any other website maintained by defendants" approximately 120 specific articles that were listed by title in a schedule attached to the Preliminary Injunction. (12/16/13 Order at 4.) In response to motions from both sides seeking clarification and amendment of the Preliminary Injunction, the Maine Superior Court entered another related order on December 27, 2013 that required Defendants to submit updated sitemaps to various search engines reflecting the removal of the previously listed articles. (12/27/13 Order at 4.) Notably, the Preliminary Injunction explicitly acknowledges that Concordia sought additional injunctive relief but had only demonstrated the requisite likelihood of success with respect to the publication of the listed articles on Defendants' website. (12/16/13 Order at 3.)

In its original motion for contempt, Plaintiff asserted that 18 of the articles that were to be removed pursuant to the Preliminary Injunction were still posted on the Defendants' website. (See Pl. Mot. for Contempt at 6; Bilodeau Decl. ¶4 & Ex. D.)  Plaintiff claims that "minor cosmetic edits," which include shortening the title, reflect "Defendants' cynical efforts to avoid the [Preliminary Injunction]" and that such efforts "warrant[] contempt sanctions." (Id. at 7.)  In the supplemental evidence provided to the Court, Plaintiff proffers, and Defendants do not dispute, that a set of directions was produced in order to rewrite articles for publication on Defendants' website. (See Supp. Nuzzi Decl. Ex. B (ECF No. 103-2 at Page ID # 2116 & Pick Declaration ¶6 & Ex. A (ECF No. 110).)  In those directions, the writers are directed to "change at least 30% of the articles content." (Id. at Page ID #s 2116 & 2172.)  Defendants say these instructions were produced on or about November 19, 2013, which would have been prior to the issuance of the Preliminary Injunction.  In any event, the parties appear to agree that the articles at issue are not exact replicas of the articles listed in the Appendix of the Preliminary Injunction.  However, the parties dispute whether edits that were apparently made to these 18 articles somehow bring them outside the Preliminary Injunction.

In response to the Motion for Contempt, Defendants provide the declaration of their technology consultant, Thomas Nyiri, asserting that all of the articles listed in the Preliminary Injunction were removed from the Defendants' website and updated sitemaps were thereafter submitted to the relevant search engines. (Nyiri Decl. ¶¶ 6-8.)  In objecting to the Motion for Contempt, Defendants claim that their removal of the articles and submission of updated sitemaps complied with the clear and unambiguous provisions of the Preliminary Injunction.  Moreover, Defendants argue that their efforts to publish new articles on the same or similar topics is not clearly and unambiguously prohibited by the Preliminary Injunction.  Quite simply, the Court

agrees. Having reviewed all of the evidence submitted in connection with the present motion, the Court does not believe that Plaintiff has produced clear and convincing evidence that Defendants have violated clear and unambiguous provisions found within the four corners of the Preliminary Injunction by publishing eighteen articles with similar titles and overlapping content.[2]

Additionally, Plaintiff's Motion raises an issue with respect to Defendants' continued use of the URLs associated with the Preliminary Injunction. Specifically, Plaintiff asserts that Defendants are in contempt of the Preliminary Injunction by using those URLS to redirect traffic to Defendants' websites. (See Pl. Mot. for Contempt at 8-10; Bilodeau Decl. ¶¶8-18.) In response, Defendants assert that the use of "301 redirects" is solely to avoid seeing a "404 error" upon clicking on a specific link at a third party site or because the user has specifically saved that URL. (Nyiri Decl. ¶¶ 9-13.) Quite simply, the Preliminary Injunction does not address the use of "301 redirects." In fact, while it clearly prohibits Defendants from publishing the listed articles at the specific URLs in question, the Preliminary Injunction otherwise does not clearly and unambiguously dictate what Defendants must do with these URLS, which are part of a website that they undisputedly own pursuant to the agreement that underlies this case. Given the four corners rule, the Court cannot find that the use of 301 redirects serves as clear and convincing evidence of Defendants' violation of the Preliminary Injunction.

In short, Plaintiff has not met its burden of presenting clear and convincing evidence that the proffered actions by Defendants have violated clear and unambiguous provisions of the

---

[2] Notably, among the supplemental evidence submitted by Concordia in support of the Motion for Contempt, there is an email in which one of the contractors working on Defendants' website appears to acknowledge that the rewritten articles being published on Defendants' website may not be "complying with the spirit" of the Preliminary Injunction. (See Supp. Nuzzi Decl. Ex. A (ECF No. 103-1).) Assuming without deciding that this email, along with the other evidence submitted by Plaintiff, shows that it is more likely true than not true that Defendants are not complying with the spirit of the Preliminary Injunction, such a showing does not meet the standard for a motion for contempt, which requires clear and convincing evidence that Defendants have violated the letter of the Preliminary Injunction.

Preliminary Injunction. In light of that conclusion, the Court need not address Plaintiff's request for fines, compensatory relief and/or attorney's fees.

## III. CONCLUSION

For reasons just stated, the Plaintiff's Motion for Contempt (ECF No. 58) is hereby DENIED without prejudice to any re-filing at a later date based on further developments or other newly discovered evidence of ongoing failures to comply with the Preliminary Injunction.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 17th day of March, 2015.