# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CONCORDIA PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:14-cv-09-GZS |
| | ) |
| MARCELLE PICK et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER FOLLOWING PRE-FILING CONFERENCE

On September 25, 2015, the parties both filed Notices Of Intent To File Motion For Summary Judgment And Need For Pre-Filing Conference (ECF Nos. 158 & 159). Following an extended but unsuccessful attempt at a judicial settlement conference, the Court issued a Procedural Order (ECF No. 174) and received the Preconference Memoranda received from both sides (ECF Nos. 175-177). After reviewing these filings, the Court set this matter for a conference of counsel, which was held on March 31, 2016. Having considered the representations made by counsel, the Court hereby ORDERS that the following procedure be followed in connection with the to-be-filed motions:

On or before **May 10, 2016**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this filing. The Stipulated Record may include any exhibits and depositions[1] (including

---

[1] To the extent any depositions are filed, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record.

any exhibits to the depositions) that both sides agree will be referenced in the statements of material fact. The Stipulated Record shall include one copy of the License Agreement. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for the purposes of the to-be-filed summary judgment motion. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties are free to submit any stipulations on or before **May 16, 2016**.

On or before **May 17, 2016**, Plaintiff and Defendants shall file their respective outlined motions for summary judgment. Each motion for summary judgment shall not exceed fifty (50) pages.

On or before **June 10, 2016**, Plaintiff and Defendants shall each file its opposition to the other side's motion for summary judgment. This response shall not exceed thirty-five (35) pages.

On or before **June 24, 2016**, each side may file a reply in support of their respective motion for summary judgment, which shall not exceed ten (10) pages.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Absent prior court approval, each side's statement of material facts shall not exceed one hundred (100) paragraphs. Any additional statement of material facts filed in connection with the respective responses shall not exceed forty (40) paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a

statement of material facts.  Absent a specific citation, the Court has no duty to consider any part of the record submitted.  To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF Nos. 85, 124, 143, 152 & 156), it appears that the only deadlines that may remain after the anticipated motion for summary judgment is the ready for trial deadline and any trial-related motions deadlines.  These deadlines shall remain stayed until the Court issues its ruling on the motion for summary judgment.  To the extent that issues remain for trial after the motion for summary judgment is decided, the Court anticipates that this case will be placed on the next available trial list following the Court's summary judgment decision and that pre-trial motions shall, to the extent practicable, be filed prior to any final pretrial conference.  The parties shall promptly notify the Court after it issues its summary judgment decision regarding whether they wish to waive their previously asserted demands for a jury trial.

To the extent the parties indicated an agreement to dismiss certain counts at the conference, the parties shall file a written stipulation of dismissal regarding those counts within one week of this Order.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 31st day of March, 2016.

3